NO.
12-11-00049-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

BRADLEY
NEAL DURHAM,                          §                 APPEAL FROM THE 217TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 ANGELINA
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

Bradley
Neal Durham appeals his convictions for robbery and burglary.  Appellant’s
counsel has filed a brief asserting compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

An
Angelina County grand jury indicted Appellant for the felony offenses of
robbery[1] and burglary.[2]  As alleged, the offenses were a
second degree felony and a state jail felony.  The grand jury also alleged that
Appellant had five prior felony convictions.  Because of the way these prior
felonies were alleged, the sentencing range of the robbery was enhanced to that
of a first degree felony with a range of between twenty-five years to
ninety-nine years in prison or life imprisonment, and the sentencing range of
the burglary was enhanced to that of a second degree felony.[3]  Appellant pleaded guilty as
charged and pleaded true to the sentencing enhancement allegations.  The trial
court found him guilty, found the enhancements to be true, and assessed
sentences of imprisonment for thirty and twenty years, to be served concurrently. 
This appeal followed.

 

Analysis Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that he has diligently reviewed the
appellate record and that he is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel’s brief
presents a thorough chronological summary of the procedural history of the case
and further states that counsel is unable to present any arguable issues for
appeal.[4]  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  

We
have considered counsel’s brief and have conducted our own independent review
of the record.  We found no reversible error.  See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for
appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review.  See In re Schulman, 252 S.W.3d at 408 n.22.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.[5]  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

Opinion
delivered August 17, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1]
See Tex. Penal Code Ann. §
29.02 (West 2011).

 





[2]
See Tex. Penal Code Ann. §
30.02 (West 2011).

 





[3]
See Tex. Penal Code Ann. §
12.42(a)(2), (d) (West 2011).

 





[4] Counsel
for Appellant states in his motion to withdraw that he provided Appellant with
a copy of this brief. Appellant was given time to file his own brief in this
cause. The time for filing such a brief has expired, and we have received no
pro se brief. 





[5] By
rule, after September 1, 2011, petitions should be filed directly with the
Texas Court of Criminal Appeals.  See Tex.
R. App. P. 68.3(a) (effective September 1, 2011).